974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie BANKS, Defendant-Appellant.
 No. 91-6168.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Ronnie Banks appeals his conviction for manufacturing with intent to distribute marijuana. He alleges that there was insufficient evidence to support his conviction, that the District Court erred in refusing to instruct the jury on simple possession, and that the District Court improperly admitted the testimony of defendant's wife. For the reasons to follow, we AFFIRM.
 
 I.
 
 2
 Prior to January 1990, defendant had lived with his wife, Malissa Banks, in a trailer in the Callaboose area near Highway 746 in Wolf County, Kentucky. Malissa Banks moved out of the trailer in January 1990, and returned in late August 1990. At that time, defendant moved out of the trailer.
 
 
 3
 On September 6, 1990, about a week after defendant moved out of the trailer, Kentucky State Police conducted a task force operation in Wolf County. Trooper Jerry Johnson was directed by an aerial surveillance team to proceed to the Callaboose area near Highway 746, where he parked beside the Banks' trailer and moved into the woods about seventy-five yards to a marijuana patch. A path from the patch led to a seedbed which contained smaller marijuana plants. Two hundred ninety-eight plants were growing in the patch and the seedbed. A path from the seedbed led to the trailer. There were no other paths to or from the seedbed.
 
 
 4
 Malissa Banks consented to a search of the trailer. The police found a semi-automatic rifle, a plastic bag containing marijuana, scales and Malissa's address book. Inside the address book was a listing of the radio frequencies used by the police and several entries relating to planting in seedbeds. Fred Thomas, an Examiner of Documents for the Kentucky State Police, testified that the handwriting of these entries bore strong similarities to known handwriting of defendant. The police also found marijuana in a parked automobile and a shed between the patch and the trailer.
 
 
 5
 On March 21, 1991, defendant and Malissa Banks were charged with aiding and abetting a conspiracy to manufacture marijuana with intent to distribute in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and aiding and abetting the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant pleaded not guilty to both counts. Defendant filed a motion to suppress evidence which was denied following an evidentiary hearing.
 
 
 6
 On July 8, 1991, defendant consented to be charged by a superseding information, which charged him with one count of manufacturing marijuana with intent to distribute. Defendant pleaded not guilty. The trial took place on July 9, 1991. At the close of the government's case and again at the close of all the evidence defendant moved for a judgment of acquittal which was denied by the District Court. A jury convicted defendant of manufacturing marijuana with the intent to distribute. Defendant's motion for a new trial was denied. A sentencing hearing was held on September 24, 1991, and defendant was sentenced to seventy-eight months of imprisonment.
 
 II.
 
 7
 Defendant argues that the District Court erred in permitting Malissa Banks to testify as a witness for the government because of spousal privilege. There are two types of spousal privilege. One privilege is the privilege against adverse spousal testimony. United States v. Sims, 755 F.2d 1239, 1240 (6th Cir.), cert. denied, 473 U.S. 907 (1985). The witness spouse has the privilege to refuse to testify adversely. Id. This privilege may be asserted only by the testifying spouse. Id. Malissa Banks did not claim this privilege, and defendant may not assert it.
 
 
 8
 The second privilege protects marital communications. Id. Under this privilege, either spouse may foreclose testimony regarding confidential marital communications. Id. Malissa Banks' testimony did not reveal any confidential marital communications. She testified that when she moved out of the trailer she left her address book behind, that she did not make the entries in the address book concerning radio frequencies and plantings, that the marijuana, scales and rifle were present in the trailer when she returned, and that she had nothing to do with the marijuana patch or seedbed. We therefore find that the District Court did not abuse its discretion in permitting Malissa Banks to testify.
 
 
 9
 Defendant argues that the District Court erred in failing to give the jury an instruction on simple possession. Defendant's counsel did not request or proffer a simple possession instruction at the instruction conference. After it instructed the jury, the District Court asked whether there were any objections to the instructions that were given, and defendant did not object. Rule 30 of the Federal Rules of Criminal Procedure bars a party from assigning error to a jury charge absent an objection before the jury retires. Because defendant did not object to the jury instructions, this Court reviews only for plain error. United States v. Pearce, 912 F.2d 159, 163 (6th Cir.1990), cert. denied sub nom. Thorpe v. United States, 111 S.Ct. 978 (1991); Fed.R.Crim.P. 52(b).
 
 
 10
 Viewing the evidence presented in this case, it was not plain error for the District Court not to have given an instruction on simple possession. A lesser included offense instruction of simple possession should be given if the evidence would permit a jury to find the defendant guilty of the lesser offense and acquit him of the greater offense. United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied sub nom. Black v. United States, 111 S.Ct. 974 (1991). The evidence presented in this case was that two hundred ninety-eight marijuana plants were cultivated in a patch seventy-five yards from defendant's trailer. Because such a large quantity of marijuana plants tends to establish an intent to distribute, it was not plain error for the District Court not to have instructed the jury on simple possession.
 
 
 11
 Defendant also argues that the District Court should have granted his motion for judgment of acquittal because the evidence was insufficient to support his conviction. We review the sufficiency of the evidence to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The testimony in this case showed that until about a week before the police found the marijuana patch and searched the trailer, defendant was living in the trailer near the patch and seedbed. The patch and seedbed were well tended and the only path led to the trailer. The police found marijuana in the trailer and in the automobile and shed which were between the patch and the trailer. The handwriting in the address book which detailed several plantings in the seedbed was similar to defendant's handwriting. The entries in the address book included notes about plantings near the trailer and on property belonging to "Raymond" and "Gran." Malissa Banks testified that defendant's brother was named Raymond and that defendant referred to his grandmother as "Gran." Based on this evidence the jury rationally could have convicted defendant of manufacturing marijuana with intent to distribute.
 
 
 12
 The District Court's judgment is AFFIRMED.