23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronnie BANKS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6613.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 1
 Before: GUY and NELSON, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Ronnie Banks, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a jury convicted Banks of manufacturing marijuana. Banks was sentenced to 78 months of imprisonment. In his direct appeal, Banks argued that: (1) there was insufficient evidence to support his conviction; (2) the district court erred in refusing to instruct the jury on the offense of simple possession; and (3) the district court improperly admitted the testimony of his wife. This court affirmed Banks's conviction finding his arguments to be meritless. United States v. Banks, No. 91-6168, 1992 WL 214524, at * 1, 1992 U.S.App. LEXIS 22053, at * 1 (6th Cir. Sept. 2, 1992) (per curiam).
 
 
 4
 Banks then filed his motion to vacate his sentence contending that: (1) the government lacked subject matter jurisdiction; (2) the district court lacked original jurisdiction; and (3) the trial court failed to instruct the jury on all the essential elements of the offense charged. The district court denied the motion as without merit.
 
 
 5
 In his timely appeal, Banks raises the same issues that he presented to the district court. He also contends that he did not knowingly, intelligently, or voluntarily waive the indictment.
 
 
 6
 Upon review, we affirm the district court's order because Banks has failed to establish the denial of a substantive right or the existence of a defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Initially, we note that Banks's challenge to the waiver of the indictment was not raised in the district court. Therefore, it is not reviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 The federal government had jurisdiction to prosecute Banks for growing the marijuana, and the government did not have to prove an interstate nexus in order to establish jurisdiction. See United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 478 (1992) and 113 S.Ct. 1306 (1993); United States v. Sawyers, 902 F.2d 1217, 1221 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991). Because Banks's criminal activity occurred in Wolfe County, Kentucky, the United States District Court for the Eastern District of Kentucky had jurisdiction to try the case. See 28 U.S.C. Sec. 97(a). Finally, Banks has failed to establish cause and prejudice to excuse his failure to raise his jury instruction argument in his direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 9
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation